UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY PAPADOPOULOS, | CIVIL ACTION NO. 08CV00989 |
| Plaintiff, | |
| V. | |
| TENET GOOD SAMARITAN INC., | |
| Defendant. | ANSWER |

The defendant, misnamed Tenet Good Samaritan, Inc. ("Tenet"), by and through its undersigned counsel, for its Answer to the Complaint filed by *pro se* plaintiff Gregory Papadopoulos ("Papadopoulos") hereby denies each and every averment[1] in the Complaint herein, except as expressly set forth below, and states:

**First Paragraph**

**Allegation #1:** "In March 30 2003 plaintiff visited the emergency room of Good Samaritan Hospital in West Palm Beach and had some staples installed to close a wound."

**Answer to Allegation #1:** The defendant lacks sufficient information or knowledge to form a belief as to the truth of these allegations and therefore denies same and leaves plaintiff to his strictest burden of proof.

---

[1] Due to the fact that plaintiff is proceeding *pro se* and has not separated his factual allegations into separate, numbered paragraphs, the defendant has labeled each sentence in the plaintiff's complaint as "allegation # ___." For the Court's convenience, the defendant has repeated each of the plaintiff's allegations and has provided its response beneath each allegation.

1

**Allegation #2:** "In April 4 he returned to have these staples removed."

**Answer to Allegation #2:** The defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same and leaves plaintiff to his strictest burden of proof.

**Allegation #3:** "His insurance did not pay because the charges were unreasonable."

**Answer to Allegation #3:** The defendant lacks sufficient information or knowledge to form a belief as to whether the plaintiff's insurance paid any portion of the bill or the reasons therefore. Denied in all other respects.

**Allegation #4:** "Eventually plaintiff settled and paid himself."

**Answer to Allegation #4:** The defendant lacks sufficient information or knowledge to form a belief as to the truth of these allegations and therefore denies same and leaves plaintiff to his strictest burden of proof.

**Allegation #5:** "Defendant Good Samaritan through their collection agency Central Financial Control entered two separate derogatory accounts, one for each visit in his credit report. (Exhibit 1)."

**Answer to Allegation #5:** Admitted to the extent that Exhibit 1 evidences two accounts relating to debts owed to Good Samaritan Hospital. Defendant denies that it acted as a furnisher with respect to any credit report.

## Second Paragraph

**Allegation #6:** "It was not reasonable to enter two derogatory accounts and the two accounts should have been combined into one for the purpose of reporting to the credit agencies."

**Answer to Allegation #6:** Denied.

**Allegation #7:** "By reporting two accounts instead of one defendant penalized plaintiff's credit score by about 50 points which makes a significant difference in obtaining financing."

**Answer to Allegation #7:** Denied.

**Allegation #8:** "In fact defendant has a minimum fixed fee charged for a visit to the emergency room."

**Answer to Allegation #8:** Admitted.

3

**Allegation #9:** "Since during the second visit the minimum fee was not charged it indicates that as far as their internal procedures are concerned they considered these two visits to be one treatment."

**Answer to Allegation #9:** Denied.

### Third Paragraph

**Allegation #10:** "Plaintiff wrote several letters and challenged duplicating one treatment into two accounts."

**Answer to Allegation #10:** The defendant lacks sufficient information or knowledge to form a belief as to the number of letters plaintiff wrote. Otherwise, defendant denies as stated and refers to the alleged letters for the content thereof.

**Allegation #11:** "Defendant refused to combine reporting the two accounts into one. (Exhibit 2)."

**Answer to Allegation #11:** Denied.

**Fourth Paragraph:**

**Allegation #12:** "Eventually plaintiff had to pay interest rates for secure loans as high as 24% and finally he had to sell his house in Florida incurring capital gains taxes."

**Answer to Allegation #12:** The defendant lacks sufficient information or knowledge to form a belief as to the truth of these allegations and therefore denies same and leaves plaintiff to his strictest burden of proof.

**Allegation #13:** "Plaintiff's loses [sic] were in excess of $1,000,000."

**Answer to Allegation #13.** Denied.

**Allegation #14:** "Plaintiff is seeking to recover only a small portion of his losses."

**Answer to Allegation #14.** Admitted to the extent that Plaintiff purports to bring an action for damages. Denied in all other respects.

**Allegation #15:** "He is seeking $25,000 plus costs and have the two accounts in his credit report combined into one."

**Answer to Allegation # 15:** Admitted to the extent that this is the relief that Plaintiff believes that he is entitled to. Denied in all other respects.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims purport to arise under state law, they are preempted by the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails for lack of personal jurisdiction over the defendant.

DATED FEBRUARY 8, 2008

                THE DEFENDANT
                TENET GOOD SAMARITAN, INC.

                By: _____
                      Jonathan D. Elliot  (JE-3654)

                      ZELDES, NEEDLE & COOPER, P.C.
                      1000 Lafayette Boulevard
                      P.O. Box 1740
                      Bridgeport, CT 06601-1740
                      Tel:  (203) 333-9441
                      Fax: (203) 333-1489
                      Email:  jelliot@znclaw.com

Its Attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via U.S. Mail first-class mail, postage prepaid, on this date, to:

Gregory Papadopoulos
800 5th Avenue, Apt. 14B
NYC, NY 10065

Dated at Bridgeport, Connecticut on this eighth day of February, 2008.

_____
Jonathan D. Elliot

8