```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GREGORY PAPADOPOULOS,                      :   08 CIV. 989 (DLC)
                                           :
                        Plaintiff,         :   PRETRIAL
                                           :   SCHEDULING ORDER
                                           :   IN PRO SE ACTION
          -v-                              :
                                           :
TENET GOOD SAMARITAN INC.,                 :
                                           :
                        Defendant.         :
                                           :
------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-14-08
```

DENISE COTE, District Judge:

The above-captioned action, which plaintiff has filed pro se, has been assigned to me. In order to guide the parties in their pursuit of the lawsuit, to assure that both sides become aware of the positions and contentions of the other, and to assure that the action moves expeditiously, I am entering the following order.

IT IS HEREBY ORDERED that all pretrial inquiry by each party into the evidence and knowledge of the other, whether by interrogatories, depositions, production of documents, or other discovery methods, be completed by **November 14, 2008**.

IT IS FURTHER ORDERED that any motion by defendant shall be due by **June 6, 2007**. If a motion is filed, opposition papers must be submitted by **July 11, 2008**, and reply papers, if any, must be submitted by **July 25, 2008**.

IT IS FURTHER ORDERED that any motion for summary judgment shall be due by **December 12, 2008**. If a summary judgment motion is filed, opposition papers must be submitted by **January 9, 2009**,

and reply papers, if any, must be submitted by **January 23, 2009**. A "Notice For <u>Pro Se</u> Litigants Regarding Opposition to a Summary Judgment Motion" is attached. If no summary judgment motion is filed, defendant shall notify the Court in writing by December 12, 2008.

IT IS FURTHER ORDERED that either party may request to have the dates for the completion of discovery or for motions extended, and they will be extended if the party requesting the extension demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline. If no extensions are granted, no pretrial motions or discovery will be permitted after these dates.

IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide a courtesy copy to Chambers by sending them to this Court's Pro Se Office, Room 230, United States Courthouse, 500 Pearl Street, New York, New York 10007.

IT IS FURTHER ORDERED that failure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, dismissal of the action, the entry of judgment by default, or such other action as may be just in the circumstances.

Dated:   New York, New York
         May 13, 2008

                                    _____
                                            DENISE COTE
                                    United States District Judge

2

NOTICE FOR PRO SE LITIGANTS REGARDING
OPPOSITION TO A SUMMARY JUDGMENT MOTION[1]

When a summary judgment motion is filed, the Court will determine whether there are material facts in dispute. If there are material facts in dispute, the motion will be denied and there will be a trial to resolve the factual disputes. If there are no material facts in dispute, the motion may be granted and any claim for which summary judgment is granted will be dismissed. If summary judgment is granted for all claims, there will be no trial and the case will be closed.

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(e) says:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. _When a motion for summary judgment is made_ and supported as provided in this rule, _an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading_, but the adverse party's response, _by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial._ If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis supplied.)

Pursuant to Rule 56, any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial. Admissible evidence may take the form of documents or affidavits. An affidavit must be made by someone with personal knowledge of the facts described in the affidavit and the person making the affidavit must swear that its contents are true.

---

[1] See McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999).
October 15, 1999

COPIES SENT TO:

Gregory Papadopoulos
c/o Jeffrey S. Eisenberg, Esq.
401 Broadway, Suite 810
New York, NY 10013

Jonathan D. Elliot
Zeldes Needle & Cooper, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740