UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGORY PAPADOPOULOS, | : | CIVIL ACTION NO.  08CV00989 |
| Plaintiff, | : | |
| v. | : | |
| TENET GOOD SAMARITAN INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

THE DEFENDANT
TENET GOOD SAMARITAN, INC.

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel:  (203) 333-9441
Fax: (203) 333-1489
Email:  jelliot@znclaw.com

Its Attorneys

## TABLE OF CONTENTS

Factual Background...................................................................................3

Rule 12(b)(2) Standard.............................................................................4

Rule 12(b)(6) Standard.............................................................................5

I.  The Complaint Against Good Samaritan Should Be Dismissed For Lack Of

Personal Jurisdiction................................................................................5

    A.   New York's Long-Arm Statute Does Not Confer Personal

Jurisdiction Over Good Samaritan...........................................................6

    B.  The Exercise Of Personal Jurisdiction Over Good Samaritan

Would Offend Traditional Notions Of Fair Play And Substantial Justice...................7

II.  Any State Law Claims Are Preempted By The Fair Credit Reporting Act...............10

III. The Complaint Fails To State A Claim Under The Fair Credit Reporting Act..........11

    A.  The Plaintiff Does Not Allege That Defendant Is A Furnisher....................11

    B.  The Complaint Does Not Allege That Plaintiff Submitted Any Dispute To

Any Consumer Reporting Agency...........................................................12

    C.  There Is No Private Cause Of Action Under The FCRA Arising From The

Mere Submission Of Information To A Credit Reporting Agency Even If Such

Information Is Inaccurate........................................................................13

    D.   Defendant Does Not Allege That Any Violation Proximately Caused Any

Damage to Plaintiff.............................. .........................................................14

Conclusion................................................................................................15

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Defendant, Tenet Good Samaritan, Inc. ("Good Samaritan"), by and through its undersigned counsel, has moved to dismiss the Complaint dated November 29, 2007 in its entirety. In support of this motion, Good Samaritan submits this memorandum of law and the Affidavit of Douglas E. Rabe (the "Rabe Aff.").

### Factual Background

Taking the allegations in the Complaint as true only for purposes of this motion, the facts are as follows: On March 30, 2003 and April 4, 2003, *pro se* plaintiff Gregory Papadopoulos ("Papadopoulos") visited the emergency room of Good Samaritan Hospital in West Palm Beach, Florida. According to Papadopoulos, "[h]is insurance did not pay [for the visits] because the charges were unreasonable." He also alleges that "[e]ventually[,] plaintiff settled and paid himself."

Papadopoulos further alleges that "Defendant Good Samaritan through their [sic] collection agency Central Financial Control entered two separate derogatory accounts, one for each visit in his credit report." He maintains that "[i]t was not reasonable to enter two derogatory accounts" because they "should have been combined into one [account] for the purpose of reporting to the credit agencies." Indeed, Papadopoulos alleges that the "Defendant refused to combine reporting the two accounts into one," even though he "wrote several letters and challenged duplicating one treatment into two accounts."

Papadopoulos further alleges that,"[b]y reporting two accounts instead of one [,] defendant penalized plaintiff's credit score by about 50 points which makes a significant

difference in obtaining financing." As a result, "plaintiff had to pay interest rates for secure loans as high as 24% and finally he had to sell his house in Florida incurring capital gains taxes."

Papadopoulos annexed two exhibits to his Complaint. Exhibit One contains information from True Credit. Exhibit Two consists of two separate letters from Central Financial Control to Papadopoulos. Both of the letters indicate that Papadopoulos had been communicating from a Palm Beach, Florida address.

### Rule 12(b)(2) Standard

When a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996); *Warner Bros. Entm't v. Ideal World Direct*, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007). A plaintiff can make this showing through his "own affidavits and supporting materials. . . ." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). All pleadings, affidavits, and allegations are construed "in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). When a motion to dismiss is based on pleadings and affidavits, dismissal is appropriate only if the submissions, when viewed in the light most favorable to the plaintiff, fail to make a prima facie showing of personal jurisdiction over the defendants. *See Distefano v. Carozzi N. Am. Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Warner Bros. Entm't*, 516 F. Supp. 2d at 265. Although the Court "construes jurisdictional allegations liberally and takes as true uncontroverted factual allegations," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 207 (2d Cir. 1994) (internal

citations omitted), "vague and conclusory allegations in a pleading are insufficient to

establish personal jurisdiction." *In re Bayou Hedge Funds Invest. Litig.*, 472 F. Supp. 2d

534, 538 (S.D.N.Y. 2007).

### Rule 12(b)(6) Standard

When deciding a motion to dismiss for failure to state a claim pursuant to Fed. R.

Civ. P. 12(b)(6), the Court must "accept[ ] all factual allegations in the complaint as true

and draw[ ] all reasonable inferences in the plaintiff['s] favor." *Warner Bros. Entm't*, 516

F. Supp. 2d at 267 (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir.

2000)) (alterations in original).  To survive a motion to dismiss, however, a plaintiff's

complaint must allege sufficient facts "to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).  "The

complaint is deemed to include any written instrument attached to it as an exhibit or any

statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc.*

*v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*) (quotations and

citation omitted); *accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.

2002).

## Argument

### I.    THE COMPLAINT AGAINST GOOD SAMARITAN SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Good Samaritan respectfully requests that this Court dismiss the instant action for lack of personal jurisdiction[1] because Good Samaritan has never had any contacts with the State of New York.

Whether a defendant is subject to personal jurisdiction is determined by the law of the state in which the district court sits -- in this case, New York.  Fed. R. Civ. P. 4(k)(1)(A); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F. 3d 120, 124 (2d Cir. 2002); *Lipin v. Hunt*, 538 F. Supp. 2d 590 (S.D.N.Y. 2008) ("The breadth of a federal court's jurisdiction is determined by the law of the state in which the district court is located.").  The personal jurisdiction determination involves a two-part analysis.  *Bank Brussels Lambert*, 305 F.3d at 124.  First, the Court must determine whether New York's long-arm statute reaches a particular defendant.  Second, if it is found that the long-arm statute applies, the Court must determine whether the exercise of jurisdiction over that defendant violates constitutional due process principles.  *Id.; accord Siverls-Dunham v. Lee*, No. 05Civ.7518(PKC), 2006 WL 3298964, at *4 (S.D.N.Y. Nov. 13, 2006).

### A.    New York's Long-Arm Statute Does Not Confer Personal Jurisdiction Over Good Samaritan

Here, it is evident that Good Samaritan does not fall within the parameters of New York's long-arm statute, C.P.L.R. §302.  Section 302 provides, in pertinent part:

> (a)    Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a

---

[1]  Good Samaritan notes that, in its Answer dated February 8, 2008, it raised the affirmative defense of lack of personal jurisdiction.

court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

      1.     transacts any business within the state or contracts anywhere to supply goods or services in the state; or

      2.     commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

      3.     commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

      (i)     regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

      (ii)     expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

      4.     owns, uses or possesses any real property situated within the state.

C.P.L.R. §302. Notably, none of the provisions of New York's long-arm statute confer personal jurisdiction over Good Samaritan.

As an initial matter, it is noteworthy to point out that a review of the Complaint reveals that the events giving rising to this litigation occurred entirely in Florida, not New York. This action concerns a Florida hospital and bills to a Florida resident stemming from a Florida hospital visit.

Significantly, Good Samaritan is a Florida corporation that operates a hospital located in West Palm Beach, Florida. *See* Rabe Aff., ¶¶ 4, 5. As the Rabe Affidavit attests, Good Samaritan does not and never has conducted business in New York, nor

has it ever had a presence in New York, through agents or otherwise. *Id.*, ¶¶ 6, 8, 9, 10, 11. Good Samaritan has not solicited business in New York and owns no property in New York. *Id.*, ¶¶ 6, 7.

Since Good Samaritan has never had any contacts with the State of New York as described in C.P.L.R. §302, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for failure to meet the first prong of the two-part test for personal jurisdiction.

**B.    The Exercise of Personal Jurisdiction Over Good Samaritan Would Offend Traditional Notions of Fair Play and Substantial Justice**

If this Court nevertheless were to find that New York's long-arm statute applies to Good Samaritan, the Court must further examine whether Good Samaritan had the requisite "minimum contacts" with New York to comport with the due process requirement of the Fourteenth Amendment. *See Int'l Shoe Co. v. Wash*, 326 U.S. 310, 316 (1945).

"Minimum contacts" are established when a defendant "purposefully avails [it]self of the privileges and benefits" of the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The purposeful availment requirement protects defendants from being haled into court based on "random, fortuitous or attenuated contacts," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Personal jurisdiction may be exercised where "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In addition to imposing the requirement that a plaintiff establish that the defendant has minimum contacts with the forum, the Due Process Clause also prohibits

a court from exercising jurisdiction over a foreign corporate defendant if such an exercise would offend the traditional notions of fair play and substantial justice. *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 115 (1987). The Supreme Court has identified five factors to be considered in evaluating the reasonableness and fairness of exercising jurisdiction: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the shared interest of the state in furthering substantive social policies. *Id*. at 113.

In the instant case, the Complaint fails to allege that Good Samaritan was engaged in any New York-related activities. Indeed, the undisputed facts show that Good Samaritan did not purposefully avail itself of the privileges and benefits of doing business in New York. *See* Rabe Aff. ¶¶ 4-11. Rather, the opposite is true: Good Samaritan has not and does not solicit business in New York at all. *Id*. Nor does it own any real or personal property in New York or have any offices, employees or agents in New York. *Id*. Since Good Samaritan is a foreign corporation that merely operates a hospital in Florida, it would be manifestly unfair to allow Papadopoulos to drag Good Samaritan into a court located in a state that has absolutely no connection to the Defendant or the events giving rise to the instant litigation.

The allegations of the Complaint, as well as the exhibits annexed thereto, unquestionably demonstrate that the events giving rise to this litigation occurred in Florida. In fact, the only New York connection to this matter is that Papadopoulos now happens to reside in New York. This alone, however, is not enough to satisfy the

minimum contacts test for personal jurisdiction.  Simply put, "[w]here, as here, the

defendant has no contacts with the forum state, the forum state cannot exercise

jurisdiction without violating the Due Process Clause." *Langenberg v. Sofair*, No.

03CV8339KMK, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006).

    As such, Good Samaritan respectfully requests that the Court grant its motion to

dismiss for lack of personal jurisdiction.


## II.    ANY STATE LAW CLAIMS ARE PREEMPTED BY THE FAIR CREDIT REPORTING ACT

    In this action, the plaintiff complains of the manner in which he was allegedly

affected by credit reporting regarding his hospital bills.  To the extent that plaintiff seeks

to assert any claim under state law, the claim is preempted[2] by the Fair Credit Reporting

Act ("FCRA"), which provides:

> Except as provided in sections 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to
> the reporting of information against any consumer reporting
> agency, any user of information, or any person who furnishes
> information to a consumer reporting agency, based on
> information disclosed pursuant to section 1681g, 1681h, or
> 1681m of this title, or based on information disclosed by a user
> of a consumer report to or for a consumer against whom the
> user has taken adverse action, based in whole or in part on the
> report except as to false information furnished with malice or
> willful intent to injure such consumer.

15. U.S.C. §1681h(e).  This section has the effect of precluding a variety of common law

causes of action other than under the FCRA against a furnisher unless there are

---

[2]  Good Samaritan observes that, in its Answer dated February 8, 2008, it raised the affirmative defenses
of failure to state a claim upon which relief can be granted and preemption.

allegations of false information <u>and</u> allegations of malice or willful intent to injure.  Such allegations do not exist here.

The ability of state law to address matters relating to credit reporting is also limited by Section 1681t(1) of the FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any state -- with respect to any subject matter regulated under…(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies [with certain exceptions not applicable here]."  15 U.S.C. §1681t(1)(F).  Section 1681s-2 governs the duties of furnishers.

Accordingly, the duties of furnishers are the exclusive province of federal law under the FCRA, and there can be no New York state law implicating the duties of furnishers of information to consumer reporting agencies.  *See, e.g., Jarrett v. Bank of America,* 421 F.Supp. 2d 1350 (D. Kan. 2006).

As a result of the foregoing, as a matter of law, the plaintiff's Complaint does not state a cognizable claim for relief under state law, any such claim being preempted by the FCRA.

**III.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FAIR CREDIT REPORTING ACT**

The Fair Credit Reporting Act governs the activities of consumer reporting agencies, users of credit reports and furnishers of information to consumer reporting agencies.  The plaintiff's Complaint fails to assert any cognizable cause of action under the FCRA against Good Samaritan.

### A.    The Plaintiff Does Not Allege That Defendant Is A Furnisher.

The FCRA governs certain conduct of those who furnish information to consumer reporting agencies.  In fact, as admitted in the plaintiff's Complaint, a "collection agency Central Financial Control entered two separate derogatory accounts . . . in [plaintiff's] credit report."  The mere fact, however, that a collection agency reports the accounts of a creditor client does not render the creditor a "furnisher" under the FCRA.  *See* 15 U.S.C. §1681s-2(a)(2).  In fact, a "furnisher" is defined as a person who "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." *Id*.  Here, the Complaint is devoid of any allegation that Good Samaritan itself provided information to a consumer reporting agency, let alone that Good Samaritan regularly and in the ordinary course of business furnished information to consumer reporting agencies.  Plaintiff's correspondence annexed to the Complaint reveals that he was communicating with a collection agency, a different entity from Good Samaritan, regarding the credit reporting.

Accordingly, the Complaint, as well as the facts, are insufficient to impose liability upon the defendant as a furnisher under the FCRA.

### B.    The Complaint Does Not Allege That Plaintiff Submitted Any Dispute To Any Consumer Reporting Agency.

Even if the defendant were deemed to be a "furnisher," the Complaint does not allege any actionable violation of the duties of a furnisher under the FCRA.

Under the FCRA, a furnisher has certain duties to respond to a consumer dispute submitted to it by a consumer reporting agency.  Under that section, if a consumer reporting agency receives a dispute as to the completeness or accuracy of information

in a consumer's credit file, the agency is to provide notification of the dispute to the furnisher of the information in dispute along with all relevant information from the consumer, 15 U.S.C. §1681i(a)(2)(A), for investigation to be completed within 30 thirty days from the agency's receipt of the dispute.  15 U.S.C. §1681i(a)(1)(A); *see also* 15 U.S.C. §1681s-2(b).

An essential element of a claim under §1681i or Section 1681s-2(b) is that the consumer reported his or her dispute directly to the consumer reporting agency and that the furnisher received notice of the dispute.  In the absence of a dispute lodged with a consumer reporting agency, there can be no claim under §1681i or 1681s-2(b).  *E.g., Elmore v. North Fork Bancorporation, Inc.,* 325 F.Supp. 2d 336 (S.D.N.Y. 2004); *Ryder v. Washington Mutual Bank, FA,* 371 F.Supp. 2d 152 (D. Conn. 2005).  In this action, the Complaint contains no such allegation, and is therefore legally insufficient.

**C.      There Is No Private Right Of Action Under The FCRA Arising From The Mere Submission Of Information To A Credit Reporting Agency Even If Such Information Is Inaccurate.**

The FCRA also imposes other duties upon furnishers.  Section 1681s-2 addresses the furnishing of inaccurate information, stating:

> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe the information is inaccurate.

15 U.S.C. §1681s-2(a)(1)(A).  The FCRA also has a provision regarding the handling of disputes made directly to a furnisher.  *See* 15 U.S.C. §1681s-2(a)(8).

The FCRA, however, makes it clear that there is no private right of action for violations of 15 U.S.C. §1681s-2(a).  *See Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir. 2002) [distinguishing §1681s-2(a) from §1681s-2(b) which has a

private cause of action]; *Pirouzian v. SLM Corp.,* 396 F.Supp.2d 1124 (S.D.Cal. 2005);

*O'Diah v. New York City*, 2003 WL 21997748 (S.D.N.Y. 2003); *Cisneros v. Trans Union,*

293 F.Supp. 2d 1167 (D. Haw. 2003). The FCRA provides expressly that there is no

private right of action for certain types of violations, as follows:

> Except as provided in Section 1681s(c)(1)(B) [governing action
> by State law enforcement], sections 1681n [governing willful
> noncompliance] and 1681o [governing negligent
> noncompliance] of this title <u>do not apply</u> to any violation of
>
> (1)    subsection (a) of this section [1681s-2], including any
> regulations issued thereunder. . . .

15 U.S.C. §1681s-2(c)(1) (emphasis added).  As a result, private plaintiffs may not bring

actions for any alleged violation of 1681s-2(a), including the subsections discussed

above.  To the extent the Plaintiff's Complaint alleges a violation of any portions of

Section 16181-2(a), the violation is not privately actionable, and the Complaint must be

dismissed.

### D.    Defendant Does Not Allege That Any Violation Proximately Caused Any Damage To Plaintiff.

Any claim under the FCRA requires proof, as a necessary element of the claim,

that the alleged violation caused damages.  *E.g. Casella v. Equifax Credit Information*

*Services*, 56 F.3d 469 (2d Cir. 1995) [summary judgment granted to defendant in

absence of evidence that violation caused damages].  In this case, although plaintiff has

asserted that the reporting of the subject medical accounts affected his FICO score and

that he was forced to pay up to 24% in secured loans, the Complaint fails to allege that

the purported misreporting of medical information proximately caused the impact on his

credit.  Such an allegation would be contrary to the FRCA, as applied to creditors since,

as a matter of law, creditors generally may not use such medical information in making

credit decisions about consumers.  *See* 15 U.S.C. §1681b(g)(2) ["a creditor shall not

obtain or use medical information. . . pertaining to a consumer in connection with any

determination of the consumer's eligibility, or continued eligibility, for credit."].  In the

absence of facts giving rise to a plausible claim that a violation proximately caused the

plaintiff damages, the claim must be dismissed.


## CONCLUSION

For the foregoing reasons, Good Samaritan requests that its motion to dismiss

be granted on the ground of lack of jurisdiction and/or the Complaint's failure to state a

claim.



Dated at Bridgeport, Connecticut
June 6, 2008


Respectfully submitted,

THE DEFENDANT
TENET GOOD SAMARITAN, INC.


By: _____
    Jonathan D. Elliot

    ZELDES, NEEDLE & COOPER, P.C.
    1000 Lafayette Boulevard
    P.O. Box 1740
    Bridgeport, CT 06601-1740
    Tel:  (203) 333-9441
    Fax: (203) 333-1489
    Email:  jelliot@znclaw.com

Its Attorneys

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGORY PAPADOPOULOS, | : | CIVIL ACTION NO.  08CV00989 |
| Plaintiff, | : | |
| V. | : | |
| TENET GOOD SAMARITAN INC., | : | |
| Defendant. | : | AFFIDAVIT OF |

STATE OF TEXAS          )

                        )     ss.     JUNE 4th 2008

COUNTY OF DALLAS        )

I, Douglas E. Rabe, being duly sworn, hereby depose and say:

1. I am over the age of eighteen and understand the obligations of an oath.

2. I am the Vice President of the Defendant, Tenet Good Samaritan, Inc., dba Good Samaritan Medical Center ("Good Samaritan").  I have been an officer of Good Samaritan for ___7___ years.

3. I make this Affidavit freely, based on my personal knowledge of Good Samaritan's operations in support of Defendant's Motion to Dismiss the above-captioned action.

4. Good Samaritan is a corporation that is organized under the laws of the State of Florida, which operates a hospital in Florida.  Good Samaritan is not organized under

1

the laws of the State of New York, nor does it operate any hospital in the State of New York.

5.  The sole office and principal place of business of Good Samaritan is West Palm Beach, Florida.

6.  Good Samaritan has never advertised within the State of New York, by mail or otherwise, nor has it solicited business from the State of New York.

7.  Good Samaritan has never owned any real or personal property in the State of New York.

8.  Good Samaritan has not entered into any contracts in the State of New York, nor has it ever entered into contracts to be performed in the State of New York.

9. Good Samaritan does not and has not produced, manufactured or distributed any good in the State of New York or elsewhere.

10.  Good Samaritan has not engaged in any tortious conduct in the State of New York.

11.  Good Samaritan does not and never has had agents, employees or representatives in the State of New York.


Dated this 4th day of June, 2008.

_____
Douglas E. Rabe, Vice President


## Notarization

Personally appeared Douglas E. Rabe, who being duly sworn subscribed to the truth of the statements contained herein.

RAINA NICOLE WALPOLE
MY COMMISSION EXPIRES
April 7, 2009

[AFFIX SEAL]

_____
Notary Public

My Commission Expires: 4/7/09

2

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via U.S. Mail first-class mail, postage prepaid, on this date, to:

Gregory Papadopoulos
800 5th Avenue, Apt. 14B
NYC, NY 10065

Dated at Bridgeport, Connecticut on this sixth day of June, 2008.

Jonathan D. Elliot