UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GREGORY PAPADOPOULOS,                   :
                                        :
                Plaintiff,              :    08 Civ. 989 (DLC)
                                        :
        -v-                             :    OPINION & ORDER
                                        :
TENET GOOD SAMARITAN INC.,              :
                                        :
                Defendant.              :
                                        :
---------------------------------------- X

Appearances:

Plaintiff Pro Se:

Gregory Papadopoulos
800 Fifth Avenue, Apt. 14B
New York, NY 10065

For Defendant:

Jonathan D. Elliot
Zeldes Needle & Cooper, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

DENISE COTE, District Judge:

 Plaintiff Gregory Papadopoulos ("Papadopoulos") commenced this action against Tenet Good Samaritan, Inc.[1] ("Tenet") in the Civil Court of the City of New York by a complaint dated November 29, 2007. Tenet was served with the complaint on December 26, 2007, and it removed the case to this Court on

---

[1] The defendant indicated in its answer and corporate disclosure statement that it had been misnamed in the case caption.

January 30, 2008. Tenet has brought a motion to dismiss for lack of personal jurisdiction, among other grounds. For the following reasons, the motion to dismiss is granted.

BACKGROUND

Tenet is a Florida corporation that operates a hospital located in West Palm Beach, Florida. The complaint arises from efforts to collect on charges for medical services that were provided to Papadopoulos during two visits to the emergency room of the defendant's hospital on March 30 and April 4 of 2003. Papadopoulos alleges that his "insurance did not pay because the charges were unreasonable," but "[e]ventually plaintiff settled and paid himself." He further alleges that "Defendant Good Samaritan through their collection agency Central Financial Control entered two separate derogatory accounts, one for each visit in his credit report." Papadopoulos asserts that the entry of two delinquent accounts for his visits instead of a single account "was not reasonable" and resulted in a reduction of "about 50 points" to his credit score. "Defendant refused to combine reporting the two accounts into one" despite "several letters" from the plaintiff.

The complaint makes no allegations with respect to personal jurisdiction; it states only that the basis for venue is the plaintiff's residence. It is undisputed that Papadopoulos was a

Florida resident at the time he received the medical services. He asserts, however, that he moved to New York while his dispute was ongoing and "just prior" to filing this lawsuit.

DISCUSSION

Tenet has moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. Tenet's moving papers establish that it transacts no business within New York and does not contract to supply goods or services in New York. Tenet argues that it has never had any contacts with New York, and that this litigation arises out of events that occurred entirely in Florida -- namely, charges billed to a Florida resident for treatment he received at a Florida hospital. The defendant further asserts that any correspondence to which the plaintiff points involves the collection agency -- which is an independent corporate entity -- and not Tenet itself. Accordingly, Tenet argues that there is no personal jurisdiction over it pursuant to New York's long-arm statute.

In opposition, Papadopoulos points out that he is now a resident of New York, and he contends that jurisdiction exists under New York's long-arm statute, N.Y. C.P.L.R. § 302, because Tenet conducted business in New York, "through the collection agency and otherwise," by making telephone calls and sending

faxes and postal correspondence to Papadopoulos while he was residing in New York. He also argues that Tenet committed a tortious act in New York through its agent by violating the Fair Credit Reporting Act, and further that Tenet should reasonably have anticipated being haled into court here because it "should realize and have contemplated its continued obligation to plaintiff when plaintiff moved to New York."[2]

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007) (citation omitted). Where, as here, there has been no discovery, the plaintiff need only make "legally sufficient allegations of jurisdiction" through its pleading and affidavits in order to survive a motion to dismiss. In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam). New York's long-arm statute provides for personal jurisdiction over a non-domiciliary where, inter alia, the defendant -- whether directly or through his agent -- has transacted business or committed a tortious act within the state, or has committed a tortious act

---

[2] Papadopolous's principal contention that jurisdiction exists over Tenet under the theory of diversity is inapposite because diversity of parties is a basis only for federal subject matter jurisdiction. The defendant's motion contests the existence of personal jurisdiction, which is a wholly separate requirement governed by a different set of doctrines.

4

"without the state causing injury to person or property within the state . . . if he . . . derives substantial revenue from goods used or consumed or services rendered[] in the state" or "should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. § 302(a)(1)-(3).

Under New York law, to show that an alleged agent's acts are attributable to the defendant, a "plaintiff need not establish a formal agency relationship."  Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F.3d 32, 36 (2d Cir. 2001) (citation omitted).  He must, however, show that the purported agent "engaged in purposeful activities in New York in relation to his transaction for the benefit of and with the knowledge and consent" of the defendant, and that the defendant "exercised some control over [the agent] in the matter."  Id. (citation omitted).

If jurisdiction is appropriate under the laws of the forum state, "the court must decide whether such exercise comports with the requisites of due process."  Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted).  Under the Due Process Clause of the United States Constitution, an inquiry regarding personal jurisdiction has two parts, the minimum contacts inquiry and a reasonableness

inquiry.  Porina v. Marward Shipping Co., 521 F.3d 122, 127 (2d Cir. 2008).

The necessary minimum contacts may exist through either specific or general jurisdiction.  "Specific jurisdiction exists where a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum."  Id. at 128 (citation omitted).  To find specific jurisdiction, the Court must determine that "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation omitted).  A defendant's conduct and connection with the forum must be such "that he should reasonably anticipate being haled into court there."  Id. at 474 (citation omitted).  "A court's general jurisdiction over a non-resident . . . is based on a defendant's general business contacts with the forum, and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts."  Porina, 521 F.3d at 128 (citation omitted).

Papadopoulos has not made legally sufficient allegations of jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. § 302.  He has not shown that Tenet transacted business in New York.  Papadopoulos does not contend that Tenet itself

communicated with him while he resided in New York, and he makes no factual allegations that would support a theory that the collection agency was acting as Tenet's agent when it allegedly sent communications to Papadopoulos in New York -- that is, that the collection agency acted purposefully in New York, that it did so for Tenet's benefit and with its knowledge and consent, and that Tenet exercised some control over the agency in the matter.

Papadopoulos also has not shown either that Tenet committed a tortious act "within" New York or that it committed a tortious act outside the state that caused injury to a person "within" New York. Papadopoulos admits that the dispute at issue in this litigation arose while he was still a Florida resident, and thus his current residence in New York is insufficient to establish that injury to him was within New York. Moreover, Papadopoulos has not alleged that Tenet derives substantial revenue from services rendered in New York, nor that it derives substantial revenue from interstate or international commerce. Papadopoulos's speculation that Tenet would seek to enforce its rights in New York courts against former patients who reside in

New York and fail to pay their bills does not address these or any other requirements of New York's long-arm statute.[3]

CONCLUSION

The defendant's June 6, 2008 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
October 1, 2008

DENISE COTE
United States District Judge

---

[3] Since Papadopolous has not made legally sufficient allegations of jurisdiction under the laws of New York, it is unnecessary to reach the due process analysis.

8

COPIES SENT TO:

Gregory Papadopoulos  
800 5th Avenue  
Apt. 14B  
New York, NY 10065

Jonathan D. Elliot  
Zeldes Needle & Cooper, P.C.  
1000 Lafayette Boulevard  
P.O. Box 1740  
Bridgeport, CT 06601-1740